**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| SHANNON LARIVE,<br><br>           Plaintiff,<br><br>   v.<br><br>METROPOLITAN CORRECTIONAL CENTER,<br>OFFICER DEANTHONY PATTON, and<br>UNITED STATES OF AMERICA<br><br>           Defendants, | Case No. 24-cv-03585 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, SHANNON LARIVE, by and through his attorneys, Power Rogers, LLP, and complaining against the Defendant METROPOLITAN CORRECTIONAL CENTER, and OFFICER DEANTHONY PATTON, pleading hypothetically and in the alternative, states as follows:

**INTRODUCTION**

1. This is a civil action under *Bivens v. Six Unknown Fed. Narcotivs Agents,* 403 U.S. 388, for Defendant Metropolitan Correctional Center's ("MCC") violations under the Eighth Amendment for acting with deliberate indifference to Shannon Larive's health or safety knowing Shannon Larive faced a substantial risk of serious harm. Plaintiff also brings a claim under the Federal Tort Claims Act ("FTCA") against the OFFICER DEANTHONY PATTON, an agent and/or employee of the MCC, for their negligent acts and/or omissions and deliberate indifference to protect Mr. Larive. Mr. Larive specifically communicated with the officer in charge that his life was in imminent danger

if he remained in the cell with Darious Robinson. Despite Mr. Larive's specific warnings, the MCC left him in his cell with Darious Robinson and, shortly thereafter, Darious Robinson attacked, sexually assaulted and anally penetrated Mr. Larive. Mr. Larive was hospitalized at Northwestern Memorial Hospital for his injuries and a rape kit was performed, confirming that Shannon Larive was anally raped. The Defendants were on duty in the relevant area, were specifically warned about the impending danger, and allowed Mr. Larive to be sexually assaulted by failing to appropriately intervene.

## JURISDICTION

2. This case arises under the Eighth Amendment of the United States Constitution and the Federal Tort Claims Act. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because all of the events or omissions giving rise to the claim occurred at the MCC, which is located at 71 W. Van Buren Street in Chicago, Illinois.

## PARTIES

4. On September 22, 2022, Shannon Larive was a pretrial detainee at the MCC where he awaited transfer to another federal facility.

5. The MCC is run, operated, managed, and overseen by the United States of America.

6. At all relevant times herein, Shannon Larive was under the custody, care, control, and regulations of the MCC, including its agents and employees.

7. OFFICER DEANTHONY PATTON is an employee of the MCC who was on duty overseeing the relevant portion of the MCC when Mr. Larive was raped.

1

**FACTS**

8. On September 22, 2022, on information and belief, Plaintiff Shannon Larive was housed in the gangs floor of the MCC for an overnight stay while being transferred to another facility.

9. On September 22, 2022, Plaintiff Shannon Larive was put in a cell at the MCC with Darious Robinson.

10. On and before September 22, 2022, Darious Robinson was charged and convicted with at least two felony assaults.

11. On information and belief, Darious Robinson has a prior history of sexual assault.

12. On September 22, 2022, Darious Robinson was in the MCC for federal felony offenses.

13. At all relevant times, Darious Robinson had a history of violence and sexual assault.

14. On and before September 22, 2022, Darious Robinson was a known sexual predator.

15. Upon information and belief, Defendants had constructive or actual knowledge of Darious Robinson's predatory nature, propensity for sexual assault, and propensity for violence.

16. On September 22, 2022and at all relevant times, Shannon Larive was Caucasian.

17. On September 22, 2022, and at all relevant times, Shannon Larive was not affiliated with any gangs nor criminal organizations.

18. On September 22, 2022, Shannon Larive was transferred to the MCC for the first time.

19. On September 22, 2022, Shannon Larive was scheduled to depart the MCC on September 23, 2022, the following day.

20. On September 22, 2022, Plaintiff Shannon Larive communicated to OFFICER DEANTHONY PATTON that Darious Robinson, Larive's cellmate, threatened to "take him."

2

21. On September 22, 2022, Plaintiff Shannon Larive communicated to OFFICER DEANTHONY PATTON that Darious Robinson, Larive's cellmate, threatened to sexually assault him.

22. On September 22, 2022, Plaintiff Shannon Larive communicated to OFFICER DEANTHONY PATTON that Darious Robinson, Larive's cellmate, threatened to attack him.

23. On September 22, 2022, Plaintiff Shannon Larive communicated to OFFICER DEANTHONY PATTON that he was not affiliated with any gangs or criminal organizations.

24. On September 22, 2022, Plaintiff Shannon Larive advised Defendant MCC, by and through OFFICER DEANTHONY PATTON, that Larive needed to be removed from his cell due to threats.

25. On September 22, 2022, Plaintiff Shannon Larive specifically informed Defendant MCC, by and through its employee OFFICER DEANTHONY PATTON that Larive needed to be removed from his cell due to Darious Robinson threatening his life and safety.

26. On September 22, 2022, Defendant MCC, by and through its employee OFFICER DEANTHONY PATTON, acknowledged Plaintiff Shannon Larive's communications regarding his life and safety.

27. On September 22, 2022, OFFICER DEANTHONY PATTON was the supervising officer for the relevant area at that time and were tasked with overseeing that portion of the MCC.

28. On September 22, 2022, after Defendants received and acknowledged Plaintiff Shannon Larive's communications, Defendants did not remove Shannon Larive nor Darious Robinson from the cell.

3

29. On September 22, 2022, Defendants left Shannon Larive in the cell with Darious Robinson.

30. On September 22, 2022, shortly after, Darious Robinson sexually molested Shannon Larive.

31. On September 22, 2022, Plaintiff Shannon Larive again notified Defendants that he needed to be removed from the cell due to threats to his life and safety by Darious Robinson.

32. On September 22, 2022, shortly thereafter, Darious Robinson choked, attacked, sexually assaulted, and anally raped and penetrated Plaintiff Shannon Larive.

33. On September 22, 2022, Plaintiff Shannon Larive was yelling, arguing, and screaming for help for hours, and was also crying and sounded afraid.

34. On September 22, 2022, Darious Robinson placed a covering over the MCC cell window containing Mr. Larive and Darious Robinson.

35. The window covering placed by Darious Robinson provided additional notice to Defendants that Plaintiff Shannon Larive's warnings regarding Darious Robinson threatening Larive's safety and life were credible.

36. On September 22, 2022, Plaintiff Shannon Larive, while being sexually molested and attacked, was able to escape from Darious Robinson and ran to the front of the cell where he was able to pull down a window covering to provide further warning to Defendants.

37. On September 22, 2022, the assailant, Darious Robinson, quickly re-covered the window and continued attacking and sexually molesting Shannon Larive.

38. Throughout the course of Shannon Larive's yells and screams, Defendants did not intervene.

39. Shannon Larive did not have any prior communications nor actions that would give rise for Defendants to question his credibility.

4

40. In 2022, a federal agent with the Federal Bureau of Investigations interviewed Shannon Larive and found him to be credible.

41. On September 22, 2022, Plaintiff Shannon Larive informed OFFICER DEANTHONY PATTON of the specific threat posed by Darious Robinson, a specific source.

42. On September 22, 2022, Plaintiff Shannon Larive's communications to OFFICER DEANTHONY PATTON were specific, credible, and imminent.

43. Mr. Larive was taken to Northwestern Memorial Hospital, where a medical doctor ordered that Larive undergo a rape kit and test.

44. The rape kit and test administered at Northwestern Memorial Hospital revealed that Mr. Larive had abrasions on both sides of his neck, as well as tearing of his anal verge.

45. The tearing of Shannon Larive's anal verge indicates he was anally raped on September 22, 2022.

46. The MCC, by and through its officers and employees, including but not limited to OFFICER DEANTHONY PATTON, never responded to Mr. Larive's grievance and complaint regarding placement in a cell where he specifically warned MCC officers and employees that his safety was at risk.

47. On October 3, 2022, Shannon Larive was transferred from the MCC to the Federal Correctional Institution in Oxford, Wisconsin.

48. At all relevant times herein, the MCC, by and through its agents and employees, never provided Shannon Larive an inmate handbook upon his arrival to the MCC.

49. At all relevant times herein, the MCC did not take reasonable steps to provide Shannon Larive with an inmate handbook regarding his rights and obligations and opportunities to file any grievances.

50. On and after October 3, 2022, the MCC did not take reasonable steps to provide Shannon Larive with an inmate handbook regarding his rights and obligations and opportunities to file any grievances before and after his transfer from the MCC to the Federal Correctional Institution in Oxford, Wisconsin.

51. Shannon Larive was deprived of his opportunity to file a formal complaint with a Request for Administrative Remedy due to his transfer to the Federal Correctional Institution in Oxford, Wisconsin on October 3, 2022.

52. On and after October 3, 2022, an Administrative Remedy through the MCC was unavailable for Shannon Larive.

53. On March 27, 2023, an indictment by the United States of America was filed against Darious C. Robinson, stating that "on or about September 23, 2022, at Chicago, in the Northern District of Illinois, Eastern Division, Darious C. Robinson, defendant herein, while in the Metropolitan Correctional Center, a federal correctional facility, knowingly caused another person to engage in a sexual act, by using force against that person; in violation of Title 18, United States Code, Section 2241(a)(1). *See United States of America v. Darious C. Robinson,* Case No. 2022 CR 610 (Judge Kennelly).

54. At all relevant times, there existed the Prison Rape Elimination Act of 2003, which requires the Attorney General to promulgate regulations concerning sexual abuse prevention in prison.

55. Accordingly, the *Sexually Abusive Behavior Prevention and Intervention Program – BOP PS 5324.12* ("PS 5324.12") is currently in effect and binding upon all Federal Bureau of Prisons facilities, including the Metropolitan Correctional Center ("MCC") in Chicago.

56. At all relevant times, PS 5324.12 is a "zero-tolerance policy" that provides guidelines for detection, prevention, intervention, investigation, reporting, and discipline.

## COUNT I

57. The foregoing allegations are incorporated as if re-alleged herein.

58. Based on the foregoing, the MCC was on notice that there was a substantial risk that Mr. Larive's safety was at risk if left in a cell with Darious Robinson.

59. The MCC was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to take appropriate action following Larive's grievance.

60. The MCC was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by declining to respond to Larive's grievance.

61. The MCC was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to make further inquiry as to Larive's danger.

62. The MCC was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to take any precautions specific to Larive.

63. The MCC was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to take reasonable steps to intervene when Larive yelled, screamed, and warned Defendants while Darious Robinson sexually assaulted and anally penetrated him.

7

64. As a result of the MCC's failure to act, Mr. Larive was assaulted, as he had warned the MCC was likely to happen.

65. MCC personnel failed in their constitutional duty to protect Mr. Larive from violence at the hands of other prisoners or pretrial detainees. *See Farmer v. Brennan,* 511 U.S. 825, 833-34 (1994).

66. The MCC's actions constitute violations under the Eighth Amendment for acting with deliberate indifference to Shannon Larive's health or safety knowing Shannon Larive faced a substantial risk of serious harm.

## **COUNT II**

67. Plaintiff incorporates paragraphs 1-56 as if fully set forth and alleged herein.

68. The acts of negligence alleged in this Complaint all took place within the District.

69. Plaintiff, SHANNON LARIVE, brings this action against defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, so that this Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1346(b).

70. The plaintiff has complied with all prerequisites to a suit under the Federal Tort Claims Act, in that a) plaintiff timely filed an administrative claim for the matters in dispute in this action with the United States Postal Service on August 2, 2023, and b) the defendant, by and through its agency, failed to take any action regarding plaintiff's claim during the six-month statutory time period following the filing of plaintiff's claim, thus plaintiff may deem plaintiffs claim as denied per 28 U.S.C. § 2675(a) and commence this action.

71. At all times relevant herein, OFFICER DEANTHONY PATTON was an employee of Defendant United States of America by virtue of his employment with the Metropolitan Correctional Center.

8

72. At all relevant times herein, OFFICER DEANTHONY PATTON was acting within the course and scope of his employment with the United States of America by virtue of his employment with the Metropolitan Correctional Center.

73. Defendant United States of America is responsible for the negligent acts or omissions of its employees under respondent superior.

74. The Federal Tort Claims Act applies to tort claims arising out of Metropolitan Correctional Center activities pursuant to 39 U.S.C. 409(c).

75. Thus, Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. § 1346(b)(1), § 1402(b), § 2679(d)(2), and § 1367(a).

76. The "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U. S. C. § 2674.

77. The duty of care owed by the OFFICER DEANTHONY PATTON to SHANNON LARIVE is fixed by 18 U.S.C. § 4042. *See United States v. Muniz*, 374 U.S. 150 (1963)

78. The Bureau of Prisons, under 18 U.S.C. § 4042, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States….(7) establish reentry planning procedures that include providing Federal prisoners with information in the following areas: (A) Health and nutrition. (B) Employment. (C) Literacy and education. (D) Personal finance

9

and consumer skills. (E) Community resources. (F) Personal growth and development. (G) Release requirements and procedures.

79. Based on the foregoing, the OFFICER DEANTHONY PATTON was on notice that there was a substantial risk to Mr. Larive's safety if left in a cell with Darious Robinson.

80. The OFFICER DEANTHONY PATTON was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to take appropriate action following Larive's grievance.

81. The OFFICER DEANTHONY PATTON was indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by declining to respond to Larive's grievance.

82. The OFFICER DEANTHONY PATTON was indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by declining to respond to Larive's grievance.

83. The OFFICER DEANTHONY PATTON failed to provide suitable quarters and provide for the safekeeping, care, and subsistence of Mr. Larive in violation 18 U.S.C. § 4042.

84. The OFFICER DEANTHONY PATTON failed to provide for the protection of Mr. Larive in violation 18 U.S.C. § 4042.

85. The OFFICER DEANTHONY PATTON failed to provide for the instruction of Mr. Larive in violation 18 U.S.C. § 4042.

86. The OFFICER DEANTHONY PATTON failed to provide for the discipline of Darious Robinson in violation 18 U.S.C. § 4042.

87. The OFFICER DEANTHONY PATTON failed to maintain and establish reentry planning procedures in violation 18 U.S.C. § 4042.

10

88. The OFFICER DEANTHONY PATTON was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to make further inquiry as to Larive's danger.

89. The OFFICER DEANTHONY PATTON was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to take any precautions specific to Larive.

90. The OFFICER DEANTHONY PATTON was deliberately indifferent to the substantial risk that Mr. Larive would be assaulted by leaving Mr. Larive in the cell with Darious Robinson by failing to take reasonable steps to intervene when Larive yelled, screamed, and warned Defendants while Darious Robinson sexually assaulted and anally penetrated him.

91. As a result of OFFICER DEANTHONY PATTON's negligent acts and/or omissions, Mr. Larive was assaulted, as he had warned the OFFICER DEANTHONY PATTON was likely to happen.

### COUNT III

92. Plaintiff incorporates paragraphs 1-56 as if fully set forth and alleged herein.

93. A person enjoys an implied private right of action to sue a federal official acting contrary to the person's constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

94. Officers employed by federal agencies are federal officials for purposes of *Bivens*.

95. The Eighth Amendment to the United States Constitution guarantees inmates the right to be free from cruel and unusual punishment, including the right to reasonable protection from violence and sexual assault at the hands of other inmates.

11

96. Defendant OFFICER DEANTHONY PATTON had a constitution duty to take reasonable measures to guarantee Plaintiff's safety and protect him from known and substantial risks of serious harm.

97. Plaintiff made no fewer than four separate requests for assistance to Defendant OFFICER DEANTHONY PATTON.

98. Plaintiff informed Defendant OFFICER DEANTHONY PATTON that he was in danger and required immediate intervention.

99. Defendant OFFICER DEANTHONY PATTON heard, understood, and acknowledged Plaintiff's requests for assistance.

100. Defendant OFFICER DEANTHONY PATTON knew that Plaintiff faced a substantial risk of serious harm, including the risk of physical assault, sexual violence, and suicide.

101. Despite possessing actual knowledge of the substantial risk to Plaintiff's safety, Defendant OFFICER DEANTHONY PATTON intentionally refused to respond, intervene, investigate, summon assistance, open the cell, or take any other reasonable action to protect Plaintiff.

102. Defendant OFFICER DEANTHONY PATTON maliciously, intentionally, deliberately and/or recklessly disregarded Plaintiff's constitutionally protected rights by ignoring his pleas for his own safety when Plaintiff notified Defendant OFFICER DEANTHONY PATTON, on four occasions, that he was in danger and suicidal, which led to his cries for help while he was being choked, attacked, sexually assaulted, and anally raped and penetrated by inmate Darious Robinson.

103. Defendant's conduct constituted deliberate indifference to a substantial risk of serious harm to Plaintiff.

104. This indifference and/or disregard of Plaintiff's safety needs violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment under the U.S. Constitution.

105. Defendant OFFICER DEANTHONY PATTON's conduct was negligent, willful, wanton, reckless, malicious, and in callous disregard of Plaintiff's federally protected constitutional rights.

106. As a direct and proximate result of Defendant OFFICER DEANTHONY PATTON's malicious, intentional, deliberate and/or reckless disregard for Plaintiff's constitutionally protected rights, Plaintiff suffered significant bodily injury, pain, emotional distress, mental anguish, humiliation, and loss of dignity.

107. Defendant OFFICER DEANTHONY PATTON's deliberate indifference to Plaintiff's safety constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

108. As a direct and proximate result of OFFICER DEANTHONY PATTON's unconstitutional conduct, Plaintiff has suffered damages and continues to suffer damages.

**PRAYER FOR RELIEF**

109. For the reasons stated above, Plaintiff Shannon Larive, requests judgment against the Defendants as follows:

   a. For appropriate compensatory damages in an amount to be determined at trial;

   b. For appropriate punitive damages in an amount to be determined at trial;

   c. For an award of reasonable attorney's fees and costs expended on behalf of Mr. Larive's complaint in this case pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988;

d.  For a trial before a jury as afforded by the Seventh Amendment; and

e.  For such other and further relief to which the Plaintiff is entitled.

Dated:  June 12, 2026                    **POWER ROGERS, LLP**

/s/ Larry R. Rogers Jr.

LARRY ROGERS, JR. #6220743
70 W. Madison Street, 55th Floor
Chicago, IL 60602
Telephone: (312) 827-6113
Facsimile: (312) 236-0920
E-mail: lrogersjr@powerrogers.com

14

**CERTIFICATE OF SERVICE**

I, Larry R. Rogers Jr., certify that on the 12th day of June, 2026, a true and complete copy

of the foregoing was served upon all counsel of record via the Case Management/Electronic Case

Filing (CM/ECF) system maintained by the United States District Court for the Northern District

of Illinois.

/s/ Larry R. Rogers Jr.

Larry Rogers, Jr. (#6220754)
Power Rogers, LLP
70 W. Madison Street, #5500
Chicago, IL 60602
(312) 236-9381
Lrogersjr@powerrogers.com

15